**Imam Abd'Allah Halim Abdul AKBAR (aka) Phillip M. Hudson, Plaintiff,**

v.

**Jeffrey GROSS, Lt. Hable, Lynn Oestreich, Ana Secchi and Captain Torsella, Defendants.**

No. 92–C–426.

United States District Court, E.D. Wisconsin.

March 8, 1993.

Imam Abd'Allah Halim Abdul Akbar, pro se.

James E. Doyle, Atty. Gen. by Stephen J. Nicks, Asst. Atty. Gen., Madison, WI, for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Pro se plaintiff, Phillip M. Hudson, currently incarcerated at the Waupun Correctional Institution [WCI], commenced this 42 U.S.C. § 1983 civil rights action on April 20, 1992, seeking redress from Waupun prison officials for his placement in temporary lock-up [TLU] pursuant to Wis.Admin.Code § DOC 303.11(4) (Apr.1990); for alleged Wisconsin Administrative Code procedural violations relating to the review of his placement in TLU and the issuance of a conduct report to him; and for alleged constitutional procedural violations connected with his subsequent disciplinary hearing. I granted the plaintiff leave to proceed in forma pauperis on May 28, 1992. Presently before the court are the parties' cross motions for summary judgment. The plaintiff's motion will be denied. The motion of the defendants will be granted, and this action will be dismissed, with prejudice.

A motion for summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Pursuant to Rule 56(c), only a "genuine issue" of "material fact" will defeat an otherwise proper motion for summary judgment. Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. *Id.*

On January 16, 1992, Mr. Hudson was eating his noon meal in the dining hall at WCI when defendant Gross, a correctional officer, approached and instructed him to leave the dining hall as it appeared he had finished eating. Mr. Hudson did not immediately comply with Officer Gross' instruction to leave the dining hall but instead remained at his table with two other inmates. Ultimately, Mr. Hudson rose to leave the dining hall. When he did, Officer Gross confronted him and asked for his name and identification number.

There is a dispute as to what was said by the plaintiff in response to this query. The defendants contend that the plaintiff said "you know who the fuck I am" whereas Mr. Hudson states that he simply provided the

requested information. However, the disagreement as to what was said during this exchange is not a genuine issue of material fact that would preclude summary judgment for either party.

When the plaintiff returned to his cell Lieutenant Hable notified him that he was being placed in TLU in his cell pending a major conduct report to be issued by Officer Gross for his alleged violations of Wis.Admin.Code § DOC 303.25 (Apr.1990) (disrespect) and Wis.Admin.Code § DOC 303.28 (Apr.1990) (disruptive conduct) stemming from his behavior during the dining hall confrontation with Officer Gross. Shortly thereafter the plaintiff received a "Notice of Inmate Placed in Temporary Lockup" form, but that document was not signed by any WCI official.

On January 17, 1992, Officer Gross issued conduct report # 462617 to the plaintiff for the dining hall incident of the day before. Captain Torsella signed that report. On February 6, 1992, Associate Warden Lynn Oestreich and Ana Secchi, an associate warden for treatment at WCI, held a disciplinary hearing on conduct report # 462617. They dismissed the conduct report after the disciplinary hearing, and no disciplinary action was taken against the plaintiff.

The plaintiff alleges three causes of action in his complaint. First, that his placement in temporary lockup, pursuant to Wis.Admin.Code § DOC 303.11(4) (Apr.1990), deprived him of his liberty without due process of law. Second, that proper Wisconsin Administrative Code procedures were not followed with the review of his placement in temporary lockup and with the issuance of the conduct report to him.

Specifically, Mr. Hudson alleges that Wis.Admin.Code § DOC 303.11(2) (Apr.1990) was violated, in part, because the "Notice of Inmate Placed in Temporary Lockup" form did not "describe any facts which the plaintiff was guilty of" nor did the security director approve or disprove of his placement in temporary lockup as required by Wis.Admin.Code § DOC 303.11(2) (Apr.1990). Furthermore, he alleges that the conduct report he received "did not contain any substantiation or corroboration by any staff or in-

mates." Mr. Hudson views this oversight as a violation of Wis.Admin.Code § DOC 303.66 (Apr.1990).

Mr. Hudson's third cause of action is his claim that his constitutional rights were violated when Officer Gross failed to attend his disciplinary hearing and when the disciplinary committee failed promptly to advise him of their disposition of his case. As relief for all claims, he seeks $100,000 from each defendant and a declaratory judgment that "the defendants acts and omissions violated plaintiff's constitutional rights."

Liability under 42 U.S.C. § 1983 requires "proof that '(1) defendants acted under color of state law, (2) defendants' actions deprived plaintiff of [his] rights, privileges or immunities guaranteed by the Constitution, and (3) defendants' conduct proximately caused plaintiff's deprivation.'" *Volk v. Coler,* 845 F.2d 1422, 1430 (7th Cir.1988) (citing *Webb v. City of Chester, Illinois,* 813 F.2d 824, 828 (7th Cir.1987)). Mr. Hudson's complaint cannot survive the defendants' motion for summary judgment because each of his three causes of action does not rise to the level of a constitutional deprivation.

■ Mr. Hudson is not entitled to judgment as a matter of law on his first claim that his placement in TLU deprived him of his liberty without due process. The law is undisputed in this circuit that neither the United States Constitution nor Wis.Admin.Code § DOC 303.11(4) (Apr.1990), which provides for placement of Wisconsin state inmates in TLU, creates a "protectable liberty interest in remaining in the general prison population." *Russ v. Young,* 895 F.2d 1149, 1154 (7th Cir.1990). Therefore, Mr. Hudson's removal from that population by being placed in TLU "cannot constitute a federal unconstitutional deprivation without due process of law." *Id.* This view has consistently been followed by courts in this and other federal districts. *See, e.g., Holm v. Haines,* 734 F.Supp. 366, 369 (W.D.Wis.1990); *Lomax v. McCaughtry,* 731 F.Supp. 1388, 1392 (E.D.Wis.1990), *aff'd,* 949 F.2d 398 (7th Cir. 1991). *Cf. Rose v. Kettle Moraine Correctional Institution Officials,* 778 F.Supp. 1009, 1011 (E.D.Wis.1991) (concluding that

improper placement in adjustment segregation, as opposed to TLU, may state a valid constitutional claim).

Mr. Hudson argues that this court should adopt the position of the Wisconsin court of appeals which held that Wis.Admin.Code § DOC 303.11(4) (Apr.1990) creates a liberty interest entitling a person placed in TLU to procedural due process. *See Casteel v. McCaughtry,* 484 N.W.2d 579, 584, 168 Wis.2d 758 (Ct.App.1992), *review granted,* —— Wis.2d ——, 491 N.W.2d 766 (1992). *See also Smith v. Shettle,* 946 F.2d 1250 (7th Cir.1991). The controlling legal authority in this circuit is unmistakably clear that the Wis.Admin.Code § 303.11(4) (Apr.1990) *does not* create a protectable liberty interest. Consequently, the defendants are entitled to summary judgment on the plaintiff's first claim.

■ Summary judgment in favor of the defendants is also warranted with respect to Mr. Hudson's second and third claims. Mr. Hudson cannot prevail on his allegations that the defendants failed to follow the procedures outlined in Wis.Admin.Code §§ DOC 303.11(2) and 303.66 relating to the review of his placement in TLU and the issuance of conduct report # 462617 because violations of state law procedural regulations that are not the source of constitutional entitlements "are not actionable under the due process clause." *Shettle,* 946 F.2d at 1254.

To create a constitutional entitlement—i.e. a protected liberty interest—a state must employ language of "an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed ... *and* that [the challenged action] will not occur absent *specific substantive predicates— viz. 'the need for control,' or 'the threat of a serious disturbance.'* " *Hewitt v. Helms,* 459 U.S. 460, 471–72, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983) (emphasis added). In other words, "a liberty interest is created only where the state regulation in question contains 'specific directives to the decisionmaker that if the regulations' substantive predicates are present a particular outcome must follow ..." *Young,* 895 F.2d at 1153 (citing *Kentucky Dep't of Corrections v.*

*Thompson,* 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989)).

Wis.Admin.Code § DOC 303.11(2) (Apr. 1990) provides in part that:

> If the inmate is placed in temporary lockup ... the security director shall review this action on the next working day ... the inmate shall be provided with the reason for confinement in TLU and with an opportunity to respond, either orally or in writing.

Wis.Admin.Code § DOC 303.66(2) (Apr.1990) states:

> In the conduct report, the staff member shall describe the facts in detail and what other staff members told him or her, and list all sections which were allegedly violated, even if they overlap. Any physical evidence shall be included with the conduct report.

In my opinion, these sections of the Wisconsin Administrative Code do not create liberty interests that are sources of "constitutional entitlements." I reach this conclusion because I do not find that the language of the above regulations to be "used in connection with the establishment of 'specific substantive predicates' to limit discretion." *See Zunker v. Bertrand,* 798 F.Supp. 1365, 1371 (E.D.Wis.1992). In my view, these regulations are merely "state procedural regulations" that if violated do not give rise to a constitutional claim. *See Culbert v. Young,* 834 F.2d 624, 628 (7th Cir.1987) ("The adoption of mere procedural guidelines, however, does not give rise to a liberty interest protected under the fourteenth amendment."), *cert. denied,* 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988); *Shango v. Jurich,* 681 F.2d 1091, 1101 (7th Cir.1982) ("a state created procedural right is not itself a liberty interest within the meaning of the Fourteenth Amendment").

■ As for the plaintiff's third claim, I am of the opinion that no deprivation of Mr. Hudson's constitutional rights occurred because the conduct report that was the subject of his disciplinary hearing was dismissed, and he received no punishment resulting from that report. Mr. Hudson was constitutionally due:

(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992) (citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974)). All of the above requirements were satisfied. The fact that Officer Gross did not attend the disciplinary hearing and the fact that the defendants delayed in advising Mr. Hudson of the resolution of his hearing were not, in my opinion, constitutional violations in contravention of *Wolff*.

### ORDER

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed, pursuant to Rule 58, Federal Rules of Civil Procedure, to enter judgment dismissing this action, with prejudice, and without costs.